IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Frederick Alvin Hayzill, #267399, ) | |
| ) | Civil Action No. 6:04-22076-TLW-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| William M. White, Warden; and ) | |
| Henry D. McMaster, Attorney General ) | |
| of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently incarcerated in the Broad River Correctional Institution for the South Carolina Department of Corrections, pursuant to an order of the Clerk of Court of Spartanburg County. The petitioner was indicted in July 1999 for armed robbery (99-GS-42-4106). The petitioner was represented at the trial level by Assistant Public Defender Michael Bartosh. On June 21-22, 2000, he appeared before the Honorable R. Markley Dennis, Jr., and a jury where he was found guilty as charged. The State sought a sentence of life without parole under the recidivist statute, based on the petitioner's prior conviction for armed robbery. He was sentenced to life without the

possibility of parole pursuant to the statute. The petitioner did not appeal his conviction or sentence.

On October 31, 2000, the petitioner filed an application for post-conviction relief (PCR) in the state circuit court. In this application, the petitioner raised the following claims (verbatim):

    (a)    Subject matter jurisdiction violation;

    (b)    Conviction obtained due to illegal arrest, search/ inventory and seizure;

    (c)    Conviction obtained in violation of "Due Process" Clauses;

    (d)    Conviction obtained due to ineffective assistance of trial counsel;

    (e)    Trial Court erred in its rulings in violation of the Sixth and Fourteenth Amendments of the United States Constitution;

    (f)    Trial Court erred in overruling motion for directed verdict of acquittal;

    (g)    Sentence in violation of Unites States' Eight Amendment and Article I, §15 of the South Carolina Constitution.

On October 31, 2000, the petitioner filed an amendment to the application making the following additions (verbatim):

    Amended Ground "B": Conviction obtained due to illegal arrest, search/inventory and seizure;

    (h)    Sentence in violation of Federal and State Ex Post Facto laws and the interpretation and application thereof;

    (i)    Affidavit in support of application for post-conviction relief.

On May 22, 2001, the petitioner filed a "Supplemental Amendment" and made the following changes to the allegations (verbatim):

    (a)    Counsel ineffective for failure to raise subject matter jurisdiction violation;

>   (b)    Trial counsel ineffective for failure to raise Fourth Amendment violation claim that conviction was obtained due to illegal arrest/search/seizure and unnecessary delay in presentment;
>
>   (c)    Trial counsel was ineffective for failure to raise issue of violation of Constitutional "Due Process" Clauses (6th & 14th) where conviction was obtained in violations therefrom;
>
>   (d)    Conviction obtained due to ineffective assistance of trial counsel;
>
>   (e)    Counsel was ineffective for failing to object to trial court's overruling defense witness (Desmond Geter's) impeachment testimony;
>
>   (f)    [reasserted as previously alleged]
>
>   (g)    [reasserted as previously alleged]
>
>   (h)    [reasserted as previously alleged]
>
>   (i)    Affidavit of Terry Wood, incorporated by reference.

The appendix for the post-conviction relief action contains a document dated January 31, 2002, titled "Addendum to Supplemental Amendment for Post-conviction Relief," that purports to amend the application as follows (verbatim):[1]

>   (a)    Trial counsel was ineffective and presented deficient representation and presented deficient representation and irreparably prejudiced Applicant by acknowledging guilt of lesser crime in opening statements to jury;
>
>   (b)    Counsel's Failure to object to prosecutorial "vouching" and "bolstering" was ineffective assistance and deficient performance of trial counsel.

---

[1] It is unclear whether this document was accepted and considered by the PCR judge. A vague reference was made at the conclusion of the evidentiary hearing that counsel adopted "another brief" prepared by the petitioner and offered it to the court. The PCR judge noted South Carolina case law prohibits hybrid representation, *see Jones v. State*, 558 S.E.2d 517 (S.C. 2002), and accepted the document only after counsel's expressed adoption. The document is not explicitly referenced in the order of dismissal.

3

The appendix also contains a document dated September 10, 2002, titled "2nd Supplemental Amendment to Application for Post-conviction Relief" that purports to amend the application as follows (verbatim):[2]

> Counsel was ineffective for failure to file timely motion to suppress evidence obtained in violation of Fourth Amendment and Article I, § 10 S.C. Consitution.

Represented by Charles Edwards, the petitioner's PCR case was heard by the Honorable Donald W. Beatty on November 6, 2002. The hearing was continued to the January 2003 term in order to allow the petitioner additional time to locate a witness. The evidentiary hearing reconvened on January 30, 2003. Judge Beatty issued an order on April 2, 2003, denying relief.

The petitioner filed a notice of appeal. On October 24, 2003, Aileen P. Clare of the South Carolina Office of Appellate Defense filed a *Johnson* petition for writ of certiorari on the petitioner's behalf and moved to be relieved as counsel. There was only one question presented in the *Johnson* petition:

> Did the lower court err by denying post-conviction relief, when the only trial witness who identified petitioner later recanted his testimony?

The petitioner also filed a *pro se* response on April 8, 2004, in which he raised the following issue (verbatim):

> The trial court erred when it failed to determine the reliability of a testifying eyewitness' out-of-court identification in accordance with the standards set out in State v. Johnson and Neil v. Biggers.

The South Carolina Supreme Court denied the petition and granted counsel's motion to be relieved in an order entered on June 23, 2004. The petitioner filed a "Petition for Rehearing with Suggestion for Rehearing En Banc" on or about July 6, 2004. The petition was denied and remittitur was entered on July 22, 2004.

---

[2] It is also unclear whether this document was accepted and considered by the PCR judge.

4

On August 20, 2004, the petitioner filed a second application for post-conviction relief, or in the alternative, a "Petition for Writ of [State] Habeas Corpus," alleging the following grounds for relief (verbatim):

(a) Denial of Right to Appeal Conviction

(b) After-discovered evidence – "Brady" material violation.

It appears that this 2004 application is still pending in state court.

On September 8, 2004, the petitioner filed this *pro se* petition for writ of habeas corpus raising the following grounds for relief (verbatim):

Grounds One: Denial of right to direct appeal due to ineffective assistance of trial counsel; erroneous advice;

Grounds Two: "Brady" exculpatory material violation after-discovered evidence;

Grounds Three: Fourth Amendment violation – conviction obtained by use of [now lost photo lineup identification] evidence gained pursuant to an unconstitutional search, seizure, and subsequent unlawful arrest;

Grounds Four: Ineffective assistance of trial counsel.

On September 20, 2004, the petitioner filed an amended petition raising the following additional grounds for relief (verbatim):

Grounds Five: Plain error;

Grounds Six: Insufficiency of evidence;

Grounds Seven: Impermissibly suggestive pretrial I.D. procedures.

On December 9, 2004, the respondents filed a motion for summary judgment. By order of this court filed December 16, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondents' motion. On January 10, 2005, the petitioner filed a response to the respondents' motion for summary judgment and a motion for summary judgment. The respondents filed a response to the

5

petitioner's motion for summary judgment on January 19, 2005, to which the petitioner filed a reply on January 27, 2005.

On May 13, 2005, the respondents filed a supplemental return and memorandum of law in support of motion for summary judgment seeking to dismiss the three additional claims raised in the amended petition filed by the petitioner on September 20, 2004. The respondents assert that they were never served with the amended petition. By order of this court filed May 16, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised again of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondents' supplemental memorandum. The petitioner filed a response on June 16, 2005.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), aff'd, 120 S.Ct. 727 (2000). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable, application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. §2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . ., our review of questions of law and mixed questions of law and fact is de novo." *Weeks*, 176 F.3d at 258.

## ANALYSIS

*Ground One*

As his first ground for relief, the petitioner claims: "denial of right to direct appeal due to ineffective assistance of trial counsel; erroneous advice." In particular, the petitioner avers (verbatim):

> Upon conviction and sentence petitioner requested an appeal however counsel advised that since he saw no issues for appeal that Petitioner should file an application for post-conviction relief. This was erroneous advice, particularly in light of the fact that this case is based solely on suspicion and constitutionally insufficient evidence.

As an initial matter, the respondents argue that because ground one was not raised in his state post-conviction relief action, it is procedurally barred from federal habeas review in this action. The petitioner, in fact, admits in his petition that he did not raise this claim in state court.

7

A federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Matthews v. Evatt*, 105 F.3d 907, 916 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). This standard has been referred to as a "demanding burden." *Townes v. Murray*, 68 F.3d 840, 847 (4th Cir. 1995). In this case, the petitioner has not met this burden.

The petitioner contends that he failed to raise the issue in state court due to ineffective assistance of counsel on his post-conviction relief proceeding. In order to constitute constitutionally ineffective assistance of counsel, however, a constitutional right to effective assistance of counsel must first exist. *Coleman*, 501 U.S. at 752. Ineffectiveness of counsel in a post-conviction proceeding is not cognizable under 28 U.S.C. § 2254. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (collecting cases holding that errors in a state post-conviction proceeding "cannot serve as a basis for federal habeas corpus relief"). *See also* 28 U.S.C. 2254(i); *cf.* 28 U.S.C. 2261(e). The Supreme Court unequivocally stated in *Coleman*, "[t]here is no constitutional right to an attorney in state post-conviction proceedings." 501 U.S. at 752. Accordingly, because the petitioner has no right to effective assistance of counsel in his state habeas proceedings, he cannot demonstrate cause to excuse the procedural default. Federal habeas review of ground one is thus barred.

***Ground Two***

As his second ground for relief, the petitioner claims: "'Brady' exculpatory material violation after-discovered evidence." More specifically, he alleges (verbatim):

> 1.     The State's identification eyewitnesses were subjected to unduly suggestive, irreparable misidentification procedures by police;

8

    2.      That the purported photograph lineup did not comport with the descriptions given by four (4) eyewitnesses to the crime – of a "bearded" older man being one of the perpetrators of the crime;

    3.      That the photograph of Petitioner used in the purported photograph lineup was a "mugshot;" and,

    4.      That the State failed to exercise due diligence in preserving the only shred of material "evidence" upon which this conviction now rests.

Again, the respondents argue that because ground two was not raised in his state post-conviction relief action, it is procedurally barred from federal habeas review in this action. The petitioner also admits in his petition that he did not raise this claim in state court, but he alleges that he asserts the claim based on "after discovered evidence."

As discussed above, a federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Matthews v. Evatt*, 105 F.3d 907, 916 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Again, however, the petitioner cannot meet this "demanding burden." *Townes v. Murray*, 68 F.3d 840, 847 (4th Cir. 1995).

During the PCR evidentiary hearing on January 30, 2003, the petitioner's counsel explained to the court that they could not find the photographic lineup (Tr. 437). His counsel, however, did not move to amend or to seek any other remedy.[3] Under these circumstances, if there was an error, it would rest on the actions of the petitioner's PCR counsel. As discussed above, however, the petitioner has no right to effective assistance of

---

[3]The respondents represent that the photographic lineup is not lost as the petitioner contends. The respondents represent that this lineup, State's Exhibit 1 from the trial, is in the possession of the Clerk of Court for Spartanburg County (Supp. 6).

9

counsel in his state habeas proceedings; thus, he cannot demonstrate cause to excuse the procedural default. Federal habeas review of ground two is also barred.

***Ground Three***

As his third ground for relief, the petitioner claims: "Fourth Amendment violation – conviction obtained by use of [now lost photo lineup identification] evidence gained pursuant to an unconstitutional search, seizure, and subsequent unlawful arrest." Specifically, the petitioner avers (verbatim):

> 1.    On February 21, 1999, in the late evening while at the home of an acquaintance [Jimmie Rice], Petitioner and his host were seized and searched as "armed robbery suspects", based on a general "Be-On-Look-Out" (BOLO) police dispatch which reported that the vehicle Petitioner and his host were in matched the description of a car seen leaving the scene of a robbery which occurred some ninety-minutes earlier.
>
> 2.    Petitioner asserts that police conducted a warrantless search and seizure of his person in order to conduct an on-scene unduly suggestive, conducive to irreparable misidentification "showup" procedure – which resulted in non-identification of neither Petitioner or his host by eyewitnesses to the crime.
>
> 3.    Prior to the warrantless search and seizure, Petitioner had attempted to shave-off his "beard" because he thought that he had been witnessed making an earlier illegal drug purchase.
>
> 4.    Petitioner asserts that since he attempted to shave-off his "beard" and was found hiding in a closet at his hosts' home, this raised police suspicion. And as a result, Petitioner was arrested still on the pretext of "driving under suspension." His host [Jimmie Rice] was released.
>
> 5.    Petitioner alleges that, after he was booked for "driving under suspension" at the Spartanburg County Detention facility, he appeared before the on-duty magistrate judge and was refused a bail bond on the reasoning "that he was being investigated in connection with an earlier armed robbery."
>
> 6.    On the following day, February 22, 1999, Detective Raymond Gist of the Spartanburg County Sheriff's Office

attempted to coerce Petitioner into confessing to an armed robbery about which he knows absolutely nothing.

7.      Detective Gist then told Petitioner that since Petitioner would not cooperate, that he [Gist] had somebody who had "picked out" Petitioner's photograph from a photo lineup and would testify against Petitioner. And that since Petitioner already had prior robbery convictions in Florida, that he [Gist] was "pretty sure" that he could get Petitioner convicted.

This issue was presented to the PCR judge as a claim of ineffective assistance of counsel based on trial counsel's failure to object to alleged 4th Amendment violations (Tr. 476). Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. In addition, competency is measured against what an objectively reasonable attorney would have done under the circumstances. *See id.* at 687-88. Counsel are afforded a strong presumption that their performance was within the broad range of professionally competent assistance. *See id*. at 689.

At the PCR hearing, the PCR judge found the trial counsel's testimony to be credible, and the petitioner's claim that his arrest was pretextual not credible. The PCR court found

> The Court has reviewed the records and finds no 4th amendment violations that trial counsel could have argued to the trial court. This Court finds that trial counsel's representation in this regard was reasonable. Therefore, this Court finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. *Strickland v. Washington; Cherry v. State*. Moreover, the Applicant also failed to carry his burden of proof to show a reasonable probability that the outcome of the trial would have

11

> been different but for trial counsel's alleged deficient representation. *Johnson v. State*. The Applicant provided no credible evidence or binding authority to support his claim that there were any 4th amendment violations that trial counsel should have objected to. Therefore, the Applicant failed to carry his burden to show prejudice. Accordingly, this allegation of ineffective assistance of counsel is denied.

(Tr. 476). The factual findings by the PCR court are well-supported by the evidence in the record. Accordingly, because the petitioner could not establish any 4th Amendment violations, trial counsel was not deficient for failing to raise such a claim.

### *Ground Four*

As his fourth ground for relief, the petitioner claims "ineffective assistance of trial counsel" based on the following allegations (verbatim):

> 1. Trial counsel failed to interview sole identification witness before trial.
>
> 2. Trial counsel failed to lay a proper foundation to introduce Desmond Jeter as a defense impeachment witness;
>
> 3. Trial counsel failed to file pretrial "Brady" and Rule 5, SCRCrimP motions and discover and challenge photo lineup inconsistencies;
>
> 4. Trial counsel failed to object to Terry Woods' verbatim reading of his photo lineup i.d. into the record on direct exam;
>
> 5. Trial counsel failed to object to and/or challenge at pretrial the reliability of the state's sole identification eyewitness' [Terry Wood's] now-lost out-of-court photographic lineup exemplar prior to its entry into evidence or being testified to in the presence of the jury, when it was the only [now non-existing] "evidence" upon which Petitioner's conviction stands;
>
> 6. Trial counsel failed to request an "alibi" jury instruction when "alibi" and actual innocence were Petitioner's defense in the case at bar;
>
> 7. Trial counsel failed to consult with Petitioner concerning a timely Notice of Appeal from the conviction – as such would have insured Petitioner's state and federal due process, equal

> protection rights to effective assistance of counsel on appeal; as opposed to recommending erroneously that Petitioner file an action (APCR) where there is no constitutional guarantee to counsel effectiveness.

Again, the respondents argue that these claims are procedurally barred because none of the allegations were presented to and ruled upon by the PCR judge or presented in the appeal from the denial of PCR. A review of the record discloses that the specific allegations of ground four were not presented to the state PCR court or to the South Carolina Supreme Court in the petitioner's appeal from the denial of his PCR application. Accordingly, ground four was not properly exhausted. If the petitioner were to present this claim to the state supreme court now, however, he would be procedurally barred under South Carolina law. S.C. Code Ann. §17-27-90 (2003). Although the petitioner cited ineffective assistance of counsel and after-discovered evidence as his cause for default on grounds one and two, the petitioner has shown no cause or prejudice for lifting this bar as to ground four. Accordingly, ground four should be dismissed as procedurally barred. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), *cert denied*, 517 U.S. 1171 (1996).

*Ground Five*

As his fifth ground for relief, the petitioner claims "plain error" based on the following allegations (verbatim):

> Petitioner asserts that under the narrow scope of the Court's habeas corpus review powers, regarding constitutional "due process, equal protection" claims, that "plain errors" or defects affecting substantial rights of Petitioner may be noticed although they were not brought to the attention of the trial court by timely objection by trial counsel and preserved for state-court appellate review. . . .
>
> Petitioner alleges that, nowhere in the trial transcripts does the state ascertain from any of the state's four (4) eyewitnesses to the crime an on-the-record, in-court "identification" of Petitioner. Petitioner contends that it is well-settled state and federal law, and trial practice as well, that the prosecution commits "plain

> error" by failing to ascertain from any of the state's four (4) eyewitnesses an on-the-record, in-court "identification" of Petitioner at trial.

The respondents suggest that the petitioner actually is asserting two claims here: first, that this court should review the trial for plain error regardless of default, and second, that the State committed "plain error" by not requesting an in-court identification.

To the extent that the petitioner's claim for relief rests upon his argument that this court should review the trial for plain error regardless of default, this is not the standard. As discussed above, a federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Matthews v. Evatt*, 105 F.3d 907, 916 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). As also noted above, this standard has been referred to as a "demanding burden," *Townes v. Murray*, 68 F.3d 840, 847 (4th Cir. 1995), one that the petitioner is not able to satisfy.

A review of the record confirms that the specific allegations of ground five were not presented to the state PCR court or to the South Carolina Supreme Court in the petitioner's appeal from the denial of his PCR application. Accordingly, ground five was not properly exhausted, and it would be barred under South Carolina law. S.C. Code Ann. §17-27-90 (2003). Although he seems to concede that this claim was not preserved for review, the petitioner has shown no cause or prejudice or miscarriage of justice to justify lifting the procedural bar as to ground five. Accordingly, ground five should be dismissed as procedurally barred. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), *cert denied*, 517 U.S. 1171 (1996).

14

***Ground Six***

As his sixth ground for relief, the petitioner claims "insufficient evidence." More specifically, he contends that

> it is well-settled case law in South Carolina courts that a trial court should not refuse to grant a motion for a directed verdict where the evidence merely raises a "suspicion" in the light most favorable to the State, the evidence adduced at trial does not and cannot support a conviction based on a "beyond a reasonable doubt" standard in accord with *Jackson v. Virginia*, 443 U.S. 307 (1979), but merely raises a "suspicion" of petitioner's guilt.  Therefore, the "evidence" adduced is constitutionally insufficient on which to sustain Petitioner's wrongful conviction.

Again, the respondents correctly argue that this claim has been procedurally defaulted.  Indeed, a review of the record discloses that the specific allegations of ground six were not properly exhausted and would be procedurally barred under South Carolina law. S.C. Code Ann. §17-27-90 (2003).  The petitioner has shown no cause for default or prejudice to justify lifting this bar as to ground six.  Similarly, the petitioner has not demonstrated that failure to consider the claim will result in a fundamental miscarriage of justice.  Indeed, the petitioner's trial counsel did move for a directed verdict at trial, which Judge Dennis denied citing evidence beyond the photographic lineup as substantial circumstantial evidence that warranted submitting the case to the jury (App. 190).  After the guilty verdict, the petitioner's trial counsel renewed his motion, and Judge Dennis denied it again:

> Very well. And as indicated, I thought it was a jury issue.  The jury has spoken.  I think there was overwhelming evidence to support that conclusion and would deny that motion.

(App. 351).  Accordingly, ground six should be dismissed as procedurally barred.  *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), *cert denied*, 517 U.S. 1171 (1996).

***Ground Seven***

As his seventh ground for relief, the petitioner claims "impermissibly suggestive pre-trial I.D. procedure." More specifically, the petitioner alleges (verbatim):

> that his conviction is constitutionally invalid, based on the fact that (1) the pretrial photographic identification procedure employed by the Spartanburg Public Safety (City Police) and the Spartanburg County Sheriff's Department were so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification of Petitioner; and (2) the admission of the out-of-court pretrial identification, without first making a determination as to its reliability, constituted trial court error of constitutional dimensions.

The petitioner expressly challenges the identification procedure used with witnesses Sue Ly, Benson James, and Terry Woods. He also challenges the photographic line-up as improper because the photographs showed men without beards and the robber was described as bearded.

These allegations are very similar to those set forth in the petitioner's second ground for relief. The petitioner conceded with respect to ground two that he did not raise these allegations in state court. As with ground two, the respondents argue that the arguments regarding ground seven are procedurally barred from federal habeas review in this action. Again, the petitioner has demonstrated neither cause for the default and actual prejudice nor that failure to consider this claim will result in a fundamental miscarriage of justice. Thus, the claim should be dismissed.

Even if this ground was not barred from review, it is without merit. Sue Ly testified that she was shown a photo lineup but that she was not able to identify the person who robbed the store (App. 78). Similarly, Benson James testified that he was driven slowly by a car with two men standing beside it but that he was not able to identify the person who robbed the store (App. 103-104).

Despite the petitioner's contention to the contrary, a photographic lineup of men without beards to identify a suspect described as bearded is not necessarily "impermissibly

16

suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). The petitioner does not contend, nor is there any other reason to believe, that the photographic lineup singled out the petitioner among the other un-bearded men in the photos. Under these circumstances, the court cannot conclude that the photographic line-up was suggestive of any particular result.

Meanwhile, Woods testified that he was provided a sheet with six photographs (State's Exhibit 1), was instructed to review the photographs and "if I seen the person" to sign and date that photograph. Woods further testified that the detective did not suggest anyone in the lineup to him and that the detective left the room while Woods reviewed the lineup (App. 91-93). Thus, the fact that Terry Woods identified the petitioner from the photographic lineup but was not asked to make an in-court identification does not establish that the pre-trial identification procedures were impermissibly suggestive as the petitioner contends. Accordingly, the petitioner's seventh ground for relief is without merit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted and the petitioner's motion for summary judgment be denied. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, the motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

June 30, 2005

Greenville, South Carolina