IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Frederick Alvin Hayzill, #267399, | ) | C.A. No. 6:04-22076-TLW-WMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| William M. White, Warden; and | ) | |
| Henry D. McMaster, Attorney General of the | ) | |
| State of South Carolina | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1). The respondents filed a return and motion for summary judgment on December 9, 2004. (Docs. # 14 and # 15). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed December 16, 2004, that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. (Doc. # 16). On January 10, 2005, petitioner filed his response to the respondents' motion for summary judgment, and a motion for summary judgment. (Docs. # 17 and # 18). The respondents filed a response to the petitioner's motion for summary judgment on January 19, 2005. (Doc. # 19). Petitioner filed a reply on January 27, 2005. (Doc. # 20). On May 13, 2005, respondents filed a supplemental return and memorandum of law in support of motion for summary judgment seeking to dismiss three additional claims raised in the amended petition (Doc. # 5) filed by petitioner on September 20, 2004. (Doc. # 22). Pursuant to Roseboro, the petitioner was advised again by Order

1

filed May 16, 2005, that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. (Doc. # 23). Petitioner filed a response on June 16, 2005. (Doc. # 24).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge Catoe recommends that the respondents' motion for summary judgment be granted and the petitioner's motion for summary judgment be denied. (Doc. # 25). Petitioner has filed objections to the Report. (Docs. # 26 and # 27).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

With regards to the allegations raised by petitioner that the pre-trial photographic identification procedure was unduly suggestive and that the lower court failed to determine the reliability of a testifying eyewitness' out of court identification in accordance with the standards set

2

out in Neil v. Biggers, this Court has carefully reviewed the record in this case including the trial transcript, petitioner's PCR applications and all amendments, and the PCR hearing transcripts, and finds this ground to be without merit. The line-up at issue appears to consists of photographs of six individuals, one of whom was the petitioner. None of the six men pictured in the line-up had beards. As the Magistrate Judge notes in his Report, the petitioner does not contend, nor does there appear from the record any other reason to believe, that the photographic line-up singled out the petitioner among the other un-bearded men in the photos. Additionally, the PCR judge found that the [petitioner's] testimony that the photo line-up was suggestive was not credible, and found trial counsel's testimony that he did not recall anything suggestive about the lineup to be credible. The witness who identified petitioner out of the photo line-up testified at trial that the detective who showed him the line-up did not suggest anyone in the line-up to him and that the detective left the room while the witness reviewed the line-up. Additionally, when this same witness testified at the petitioner's PCR hearing, he indicated that "the guy that I, I signed the picture on, that's the guy that I, that I believed that was the guy that robbed the bank, I mean the store." Based on these facts, as well as those outlined by the Magistrate Judge in his Report, this Court does not find the pre-trial photographic line-up to be impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. See Neil v. Biggers, 409 U.S. 188, 198 (1972) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968). Accordingly, as the Report concludes, this ground for relief is without merit.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 25), petitioner's objections are **OVERRULED** (Docs. # 26 and # 27); respondents' motions for summary judgment are **GRANTED** (Docs. # 14 and # 22); petitioner's

motion for summary judgment is **DENIED** (Doc. # 17); and this petition is **DISMISSED**.

    **IT IS SO ORDERED.**

                                     s/ Terry L. Wooten
                                     **TERRY L. WOOTEN**
                               **UNITED STATES DISTRICT JUDGE**

August 5, 2005
Florence, South Carolina

4